IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal No. 21-346 |
| | ) | |
| Dayvon Gandy, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

## I. Introduction

Pending before the court is a motion for early termination of supervised release filed pro se by defendant Dayvon Gandy ("Gandy") (ECF No. 72). The government and probation office filed responses in opposition to the motion (ECF Nos. 76, 77), and the probation office filed a sealed recommendation to the court (ECF No. 78). The motion is ripe for decision.

## II. Procedural History

On August 31, 2022, Gandy pleaded guilty to count one of the indictment at Crim. No. 21-346, which charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), pursuant to a Rule 11(c)(1)(C) plea agreement. Gandy and the government agreed that a sentence of 42 months in prison, followed by 3 years of supervised release, was the appropriate sentence. This sentence represented a downward variance from the guideline imprisonment range of 57-71 months. On January 11, 2023, the court accepted the plea agreement and imposed the agreed-upon sentence.

Gandy began his term of supervised release on July 12, 2024. It expires on July 11, 2027. He has completed slightly over two-thirds of his term of supervision. On July 11, 2026, the probation office filed a sealed report about a positive drug screen on July 7, 2026 and Gandy's admission that he used marijuana on July 4, 2026, but did not request any court action (ECF No. 70). Gandy committed to avoiding illegal substances and to using healthy alternatives to cope with stress (ECF No. 74). The probation office reports that Gandy also tested positive for marijuana on August 8, 2026 (ECF No. 77). Gandy's motion for early termination of his supervised release was mailed just days later, on August 17, 2026.

On October 2, 2026, the probation office submitted another report, stating that Gandy tested positive for marijuana on September 29, 2026 (ECF No. 79). Gandy denied use, but admitted he was stressed and would benefit from a dual diagnosis assessment. The probation office is setting up an assessment at Allied Addiction Recovery, but is not requesting any court action at this time.

## <u>Discussion</u>

### A. Applicable Law

A district court has the discretion to grant the early termination of a defendant's term of supervised release[1] under 18 U.S.C. § 3583(e). <u>United States v. Melvin</u>, 978 F.3d 49, 52 (3d Cir. 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the

[1] Supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." <u>Pepper v. United States</u>, 562 U.S. 476, 502 n. 15 (2011). It "fulfills rehabilitative ends, distinct from those served by incarceration." <u>United States v. Johnson</u>, 529 U.S. 53, 59 (2000).

> defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the district court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);
- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);
- the sentencing range established by the Sentencing Commission, § 3553(a)(4);
- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);
- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and
- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Melvin, 978 F.3d at 52. District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors. Id. at 52-53.

The 2025 Sentencing Guidelines contain a new provision, §5D1.4(b), and comments with respect to early termination of supervised release:

> (b) Early Termination.--Any time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision, the court may terminate the remaining term of supervision and discharge the defendant if the court determines, following consultation with the government and

> the probation officer, that the termination is warranted by the conduct of the defendant and in the interest of justice. See 18 U.S.C. 3583(e)(1).

U.S.S.G. § 5D1.4.

Comment 1(A) reflects that the "individualized assessment" under this section involves "the same factors used to determine whether to impose a term of supervised release." Comment 1(B) outlines factors that the court "may wish to consider":

> (B) Early Termination.--When determining whether to terminate the remaining term of supervised release under subsection (b), the court may wish to consider such factors as:
>
> (i) any history of court-reported violations over the term of supervision;
> (ii) the ability of the defendant to lawfully self-manage (e.g., the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
> (iii) the defendant's substantial compliance with all conditions of supervision;
> (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;
> (v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and
> (vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

U.S.S.G. § 5D1.4 (commentary).[2]

The official commentary to the 2025 amendments stated:

> *New §5D1.4 (Modification, Early Termination, and Extension of Supervised Release (Policy Statement))*
>
> The Commission sought to address with this amendment potential issues surrounding the fact that the terms and conditions of supervised release are imposed at original sentencing, often years before the defendant begins supervision. People and their circumstances may change in and after prison, such that the original term and conditions may no longer be appropriate after the defendant's release. Courts are encouraged to consider modifying the terms and conditions of supervised release whenever changed individual circumstances so warrant.

---

[2] The parties did not directly address each factor. The court has considered the factors to the extent the record enables it to do so.

https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202505_Amendments.pdf at 53-54.

Prior to the recent guideline change noted above, the Third Circuit Court of Appeals clarified that the *general rule* is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Melvin, 978 F.3d at 53 (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in Melvin explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen circumstances ***must*** be shown." Id. (emphasis added).[3] In other words, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Id. The district court must be "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id. (quoting 18 U.S.C. § 3583(e)(1)).

In United States v. Newkirk, -- F.4th --, No. 25-1780, 2026 WL 1191839 (3d Cir. May 1, 2026), the Third Circuit Court of Appeals reemphasized the importance of the sentencing factors of avoidance of unwarranted disparities and general deterrence:

> A court's "failure to [place sufficient justifications on the record] in the face of a colorable argument that an outside-the-Guidelines sentence will create a risk of such disparities constitutes procedural error." *Id.* And a court's failure to

[3] The court of appeals explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent. Melvin, 2020 WL 6108619 at *3.

> "adequately address the impact its sentence would have on the deterrence of similar criminal conduct" is also procedural error.

*Id.* at *4. Newkirk involved an original sentence, but those sentencing factors are the same factors that the court must consider with respect to early termination of supervision.

The court will consider the pertinent factors set forth in § 3553(a) as instructed in § 3583(e)(1) and, to the extent the record before the court contains sufficient facts, the factors set forth in U.S.S.G. § 5D1.4(b) (a policy statement) to determine whether early termination of Gandy's term of supervised release is warranted by his conduct and is in the interest of justice.

### B. Section 3553(a) Factors

#### 1. The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)

Gandy illegally possessed a firearm as a convicted felon – an offense that inherently presents a risk of danger to the community. The probation office reports that Gandy (aside from his use of marijuana) meets the other criteria for early release, in that he does not currently pose a risk of harm to the public, demonstrates the ability to self-manage himself in a law-abiding lifestyle and is engaging in prosocial activities.

Gandy's repeated use of marijuana, despite his representations to the probation officer that he will stop, is troubling. Given the timing of Gandy's motion, the court is concerned that he is motivated to rid himself of the supervised release conditions because of his marijuana use. Gandy represented he is under stress and will undergo a dual diagnosis assessment. Under these circumstances, in order to avoid problematic conduct involving drug use (including marijuana), it is important for him to undergo the assessment.

Despite Gandy's otherwise good conduct while on supervision, this factor weighs in favor of completion of his term of supervised release.

**2. *The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)***

In the original sentence, the court granted a downward variance in the prison term, in accepting the plea agreement with an agreed sentence. In combination with the reduced prison time, the court imposed the high end of the guideline range of 3 years supervision to reflect the serious nature of Gandy's criminal conduct and adequately deter similar criminal conduct by him and others. Gandy agreed that a 3-year term of supervised release was appropriate, but not greater than necessary. A 3-year term of supervised release is still warranted to adequately deter criminal conduct.

**3. *The sentencing range established by the Sentencing Commission, § 3553(a)(4)***

As noted above, the applicable guideline range for a term of imprisonment was 57-71 months. The guideline for supervised release was 1-3 years. As noted above, the court granted a 15-month downward variance in Gandy's term of imprisonment and imposed a term of supervised release at the high end of the range. This factor does not favor early termination of Gandy's supervision.

**4. *Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).***

No pertinent policy statements were raised by the parties with respect to this matter, but the court considered the policy with respect to Rule 11(c)(1)(C) plea agreements when imposing the initial sentence.

***5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).***

To repeat, Gandy benefited from a significant downward variance in his term of imprisonment. The court imposed a 3-year term of supervised release in connection with the downward variance in Gandy's prison term in the original sentence to satisfy the § 3553 factors. Early termination of the term of supervision may create an unwarranted sentencing disparity between Gandy and other defendants with similar records who have been found guilty of similar conduct. This factor does not favor early termination of supervision.

***6. The need to provide restitution to any victims of the offense, § 3553(a)(7).***

This factor is not relevant.

**C. Whether early termination is warranted and in the interest of justice**

Gandy forthrightly admits and takes responsibility for his violations of the condition of supervision prohibiting his use of marijuana. He asserts that he regrets those decisions and asks the court to consider his entire progress since his release from incarceration. The probation office reports that he is generally succeeding in the community and has remained crime free.

The court recognizes that Gandy successfully transitioned back into society – but for his marijuana use. The probation office reports not one isolated mistake, but several instances of marijuana use, which indicates the need for continued supervision. The court reiterates that the original sentence reflected the need for general deterrence and the need to avoid unwarranted sentencing disparities, which remain significant factors. *See Newkirk*.

Gandy's conduct on supervision is largely laudable, but considering the foregoing § 3553(a) and U.S.S.G. § 5D1.4 analysis, the interest of justice at this time is best served by Gandy continuing his term of supervised release.

Gandy did not articulate any specific hardships posed by his current conditions of supervision. If any revisions of his conditions become necessary, Gandy should communicate with his probation officer to resolve that issue.

## III. Conclusion

Based upon the foregoing, the court will deny the motion for early termination of supervised release (ECF No. 72), albeit without prejudice to seek relief in the future if Gandy is able to identify how the factors identified in U.S.S.G. § 5D1.4 and § 3553 favor early termination of his supervised release.

An appropriate order follows.

BY THE COURT:

Dated: October 6, 2026

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge